## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **CARLETON WRIGHT,** | |
|    **Plaintiff,** | |
| **v.** | **JURY TRIAL DEMANDED** |
| **THREAD STUDIO, LLC.** | |
|    **Defendant.** | |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, Carleton Wright ("Plaintiff"), by and through his undersigned counsel, and files this Complaint for Damages against Thread Studio, LLC ("Defendant"), and shows the Court as follows:

### I.    NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages and reasonable attorney fees for Defendant's violation of his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et. seq.* ("Section 1981").

## II.        ADMINISTRATIVE PROCEDURES

2.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII.  Plaintiff filed his charge of discrimination against Defendant. with the EEOC on April 19, 2022; the EEOC issued its Notice of Right to Sue on October 18, 2022.

3.

Plaintiff timely filed this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## III.        JURISDICTION AND VENUE

4.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1981, and 29 U.S.C. § 261(b)

5.

Defendant's does business within this district.  In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §1981, venue is appropriate in this Court.

## IV.      <u>PARTIES</u>

6.

Plaintiff is an African American male citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

Defendant is now and, at all times relevant hereto, has been a domestic for-profit corporation engaged in an industry affecting commerce.  During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII.  Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

9.

Defendant may be served with process at its corporate office at the following addresses: 4350 Peachtree Industrial Blvd, Peachtree Corners, Georgia 30071.

## FACTUAL ALLEGATIONS

10.

Plaintiff began working full time for the Company in September 2020, as a Production Operator.

11.

Plaintiff first complained about race discrimination by his General Manager, Lasandro, to the Human Resources Manager, Jolene Aaron in November 2021.

12.

More specifically, Plaintiff complained that Lasandro had separated him from Hispanics in his same position, requiring him to do more work, and being treated less favorably than Plaintiff.

13.

However, Defendant undermined Plaintiff's complaints and Plaintiff was never informed that any investigation had been initiated regarding Plaintiff's complaint of race discrimination.

14.

In mid-March 2022, Plaintiff again complained about the same issues in his original complaint to his new General Manager, Becky, regarding discriminatory acts by Lasandro, the Head of General Maintenance at this time.

15.

On April 1, 2022, Plaintiff complained to his direct supervisor, Dana, Plant Manager that he believed he and other African American employees were being discriminated against because of their race.

16.

On April 5, 2022, Plaintiff was suspended pending an investigation regarding a false statement made by another employee.

17.

 Prior to this suspension, Plaintiff had never received a write up or reprimand or misconduct or performance issues.

18.

Additionally, Plaintiff had received two promotions during his employment, and "exceeds expectations" in his performance review in February 2022, followed by his promotion to a supervisor in late February-early March 2022.

19.

On or around April 8, 2022, Plaintiff was terminated with an email stating alleged misconduct.

20.

Since his termination, Plaintiff has been struggling with anxiety, and currently sees a therapist.

## V.        CLAIMS FOR RELIEF

## COUNT ONE:  RACE DISCRIMINATION AND RETALIATION  IN VIOLATION OF TITLE VII

21.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

22.

Defendant's actions in subjecting Plaintiff to ongoing race discrimination constitute        unlawful        discrimination        on        basis        of Plaintiff's race in violation of Title VII.

23.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

24.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect his status as an employee because of his race.

25.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

26.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

27.

Defendant retaliated against Plaintiff when he engaged in the protected activity of complaining about said race discrimination also in violation of this Act.

28.

Defendant terminated Plaintiff for engaging in protected activity in violation of the Act.

29.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation against Plaintiff under the Act.

## <u>COUNT TWO:  RACE DISCRIMINATION AND RETALIATION IN VIOLATION OF 42 U.S.C. § 1981</u>

30.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

31.

Defendant subjected Plaintiff to discrimination and harassment on the basis of his race.

32.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

33.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of his race.

34.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well being.

35.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to his emotional health, and has lost back pay and front pay.

36.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

37.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

38.

Defendant retaliated against Plaintiff when he engaged in the protected activity of complaining about said race discrimination also in violation of this Act.

39.

Defendant terminated Plaintiff for engaging in protected activity in violation of the Act.

40.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation against Plaintiff under the Act.

41.

As a direct, natural, proximate and foreseeable result of Defendant's retaliation, Plaintiff has suffered past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

42.

Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to federal law.

43.

Plaintiff, having been discriminated against by Defendant, has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

**WHEREFORE**, Plaintiff judgment as follows:

(a)        General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)        Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condemnation and approval of said acts;

(c)        Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)        Reasonable attorney's fees and expenses of litigation;

(e)        Trial by jury as to all issues;

(f)        Prejudgment interest at the rate allowed by law;

(g)        Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)        Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant, from further unlawful conduct of the type described herein; and

(i)        All other relief to which he may be entitled.

Respectfully submitted the 10th day of November, 2022.

/s/ Jeremy Stephens
Jeremy Stephens, Esq.
Ga. Bar No.: 702063
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel:   (404) 965-1682
Email: *jstephens@forthepeople.com*